UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEANNE M. THOMPSON,

                          Plaintiff,

                                                    **Hon. Hugh B. Scott**

              v.                                    **18CV850**

                                                    **CONSENT**

                                                    **Order**

ANDREW SAUL, COMMISSIONER,

                          Defendant.

        Before the Court are the parties' respective motions for judgment on the pleadings

(Docket Nos. 12 (plaintiff), 19 (defendant Commissioner)).   Having considered the

Administrative Record, filed as Docket No. 7 (references noted as "[R. __]"), and the papers of

both sides, this Court reaches the following decision.

## INTRODUCTION

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability insurance benefits and/or Supplemental Security Income benefits.   The parties

consented to proceed before a Magistrate Judge (Docket No. 23, Order of Oct. 4, 2019).

## PROCEDURAL BACKGROUND

        The plaintiff ("Jeanne Thompson" or "plaintiff") filed an application for disability

insurance benefits on April 28, 2015, and for Supplemental Security Income on April 16, 2015

[R. 15].   That application was denied initially.   The plaintiff appeared before an Administrative

Law Judge ("ALJ"), who considered the case <u>de novo</u> and concluded, in a written decision dated December 22, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on June 11, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on August 2, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 12, 19), and plaintiff duly replied (Docket No. 21). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 50-year-old with a college education, last worked as a personal care aide [R. 178, 198] (Docket No. 12, Pl. Memo. at 5). She contends that she was disabled as of the onset date of February 1, 2014 [R. 15]. Plaintiff claims the following impairments deemed severe by the ALJ: mitochondrial cytopathy, fibromyalgia, migraine headaches, and Sjogren's syndrome [R. 18]. The ALJ noted other ailments deemed to be non-severe at Step Two: irritable bowel syndrome, GERD, systemic lupus erythematosus, and cervicalgia [R. 18]. Plaintiff claims other ailments, chronic fatigue syndrome, bladder impairments, and right foot/ankle pain, that were not discussed by the ALJ (Docket No. 12, Pl. Memo. at 1, 16-19).

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ found that plaintiff had a residual functional capacity to perform light work, except she could carry, lift, push and pull 20 pounds occasionally, 10 pounds frequently; could sit for up to 6 hours in an 8-hour workday; could stand for up to 6 hours in a workday; and walk up to 6 hours in a workday [R. 21].

The ALJ found that plaintiff was able to perform past relevant work as a personal care aide (medium level of exertion) which plaintiff performed at a sedentary exertion level [R. 23]. Plaintiff performed this work for two to three days a week for the first two years of her claimed disability until she stopped working [R. 39-42, 150] (see Docket No. 19, Def. Memo. at 18, 2). As a result, the ALJ held that plaintiff was not disabled [R. 24].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.      General Standards—Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy . . . ."
42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment.   Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).   Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform."   Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.   If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).   However, it should be noted that the ALJ has an affirmative duty to fully develop the record.   Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical

4

and mental demands of the work that has done in the past.   20 C.F.R. §§ 404.1520(e) &

416.920(e).   When the plaintiff's impairment is a mental one, special "care must be taken to

obtain a precise description of the particular job duties which are likely to produce tension and

anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other

people, etc., in order to determine if the claimant's mental impairment is compatible with the

performance of such work."   See Social Security Ruling 82-62 (1982); Washington v. Shalala,

37 F.3d 1437, 1442 (10th Cir. 1994).   The ALJ must then determine the individual's ability to

return to past relevant work given the claimant's residual functional capacity.   Washington,

supra, 37 F.3d at 1442.

II.      Treating Physician Rule, Pre-March 2017

Plaintiff's claims predate changes to the treating opinion regulations.   The treating

physician rule applies to claims filed before March 27, 2017, 20 C.F.R. §§ 404.1527, 416.927

(2017), such as this one.   On March 27, 2017, the current version of the SSA regulations

eliminates the treating physician's rule for applications filed on or after that date, 20 C.F.R.

§§ 404.1520c, 416.920c.   E.g., Barco v. Comm'r, 330 F. Supp. 3d 913, 918 n.2 (W.D.N.Y.

2018) (Wolford, J.) (treating physician rule applies for claims filed in December 2013); Tuper v.

Berryhill, No. 17CV6288, 2018 U.S. Dist. LEXIS 149125, at *2, 8 & n.2 (W.D.N.Y. Aug. 31,

2018) (Payson, Mag. J.) (treating physician rule applies to claim filed May 2013).   The treating

physician rule provided that

A treating physician is entitled to controlling weight if it is **well supported by
clinical and laboratory techniques and is not inconsistent with other
substantial evidence**.   See 20 C.F.R. § 404.1527; see also Clark v. Comm'r of
Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating
physician rule). Additionally, "the Commissioner 'will always give good
reasons'" for the weight given to a treating source opinion.   Halloran v. Barnhart,

5

362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2)). While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." Halloran, 362 F.3d at 33. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific. . . .'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (S.S.A. July 2, 1996) [(rescinded 2017)].

Taillon v. Comm'r, No. 17CV6812, 2019 U.S. Dist. LEXIS 53376, at *5 (W.D.N.Y. Mar. 28, 2019) (Telesca, J.) (emphasis added).

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. First, plaintiff argues that the ALJ failed to discuss her chronic fatigue syndrome, bladder impairments, and right foot pain in the decision at Steps Two through Four (Docket No. 12, Pl. Memo. at 1, 16-19; Docket No. 21, Pl. Reply Memo. at 1). Rather than finding those ailments to be non-severe, plaintiff contends that the ALJ did not consider them at all, not citing portions of the medical record that discuss these impairments (Docket No. 21, Pl. Reply Memo. at 2). Next. Plaintiff faults the ALJ for not evaluating the opinion of her treating rheumatologist Dr. Mary O'Neil or her treating neurologist, Dr. Lazslo Mechtler (Docket No. 12, Pl. Memo. at 1, 19-22). Finally, plaintiff contends that the residual functional capacity assessment is not supported by substantial evidence (id. at 1, 22-26). Plaintiff does not object to the findings as to her mental condition.

Defendant responds that some of the ailments not discussed by the ALJ (plaintiff's urinary tract infection and right foot symptoms) were transient and not continuously debilitating for twelve months (Docket No. 19, Def. Memo. at 18, 19-23). As for the opinions of

Drs. O'Neil and Mechtler, defendant argues that the ALJ considered their questionnaires and the entire record (id. at 18, 23-26). Alternatively, defendant considers this error to be harmless as to Dr. O'Neil's opinion since that doctor's findings were consistent with the requirements for plaintiff's past relevant work (id. at 18, 19). Defendant faults Dr. Mechtler for not assessing plaintiff's functioning and plaintiff's migraine improved with medication and treatment (id. at 18-19). Next, defendant argues that the ALJ properly assessed plaintiff as able to perform light work, such as her past relevant work as she performed it (id. at 26-29).

I.     Unmentioned Ailments

Defendant presents post hoc rationalizations for the ailments not stated in the ALJ's decision (see Docket No. 21, Pl. Reply Memo. at 2). It is the role of the ALJ in the first instance to weigh the evidence and determine whether plaintiff established disability at Steps Two, Three, or Four for a claimed impairment, see Michels v. Berryhill, No. 15CV688, 2018 WL 1081013, at *3 (W.D.N.Y. Feb. 28, 2018) (Telesca, J.) (Docket No. 21, Pl. Reply Memo. at 2). Although defendant can rationalize discounting plaintiff's urinary tract infection and right foot issues, defendant does not address the chronic fatigue separate from being a symptom of her fibromyalgia (cf. Docket No. 19, Def. Memo. at 18). The key problem remains that the ALJ did not make any findings as to these ailments singly or in combination with each other or the impairments actually considered by the ALJ. That error **is not harmless** since accessing plaintiff's ability to perform her past relevant work does not include the unstated ailments or their impact on plaintiff's constitution. Plaintiff's motion for judgment on this ground is **granted**.

II.     Treating Physicians' Opinions and Substantial Evidence for RFC

Given the need to re-evaluate plaintiff's Steps Two through Four with these unstated ailments, how the ALJ considered Drs. O'Neil and Mechtler's opinions is dependent upon resolution of <u>all</u> of plaintiff's claimed impairments.   Upon remand, the ALJ can take the opportunity to reconsider Dr. O'Neil and Dr. Mechtler's opinions in light of these missing ailments as well as the acknowledged severe and non-severe impairments.

Finally, plaintiff argues that the ALJ improperly relied upon consultative examiner Dr. Samuel Balderman's finding [R. 430-33, 22] that plaintiff's limitations were due to her somatosensory disorder [R. 432, 22] and the ALJ's lay opinion rather than treating sources Drs. O'Neil and Mechtler (Docket No. 12, Pl. Memo. at 22-26).   Again, with the remand to reexamine the Step Two analysis, the subsequent Steps should change, including reliance upon Dr. Balderman's findings.   This Court also notes that Dr. Balderman's evaluation did not mention plaintiff's chronic fatigue syndrome, bladder impairments, and right foot issues.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 12) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 19) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts pursuant to sentence four of 42 U.S.C. § 405(g), see <u>Curry v. Apfel</u>, 209 F.3d 117, 124 (2d Cir. 2000).   The Clerk of the Court shall close this case.

So Ordered.

s/Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 7, 2020